UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Sentry Insurance Company,

Plaintiff,

v.

TrueCore Behavioral Solutions, LLC,

Defendant.

Case No. 26-cv-967

**JURY TRIAL DEMANDED**

---

# COMPLAINT

---

Sentry Insurance Company ("Sentry Insurance"), by and through its attorneys Godfrey & Kahn S.C., alleges the following for its Complaint against TrueCore Behavioral Solutions, LLC ("TrueCore").

## INTRODUCTION

1. This case arises from a simple but material breach of contract. Sentry Insurance has kept its promises. TrueCore has not.

2. Pursuant to the parties' various agreements over the years, Sentry Insurance issued workers' compensation insurance coverage to TrueCore. In exchange for this coverage, TrueCore agreed to satisfy its contractual payment obligations.

3. Sentry Insurance has fully performed. It has provided, and continues to provide, insurance coverage for claims submitted under the policies issued to TrueCore. Yet, despite having received the benefit of insurance coverage for numerous years, TrueCore now refuses to pay what it owes Sentry Insurance.

4. Sentry Insurance brings this action to enforce its agreements with TrueCore and recover monies it is rightfully owed.

## PARTIES

5. Sentry Insurance is a domestic insurance company organized under the laws of Wisconsin with its principal place of business at 1800 N. Point Drive, Stevens Point, Wisconsin 54481. Sentry Insurance is a citizen of Wisconsin for purposes of 28 U.S.C. § 1332.

6. TrueCore is a limited liability company organized under the laws of Florida with its principal place of business at 3301 N. University Drive, Suite 100, Coral Springs, Florida 33065

7. Upon information and belief, the members of TrueCore are Robbin Berry, Mara Caba, and James Martin, who are all citizens of Florida. Accordingly, TrueCore is a citizen of Florida for purposes of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Sentry Insurance and TrueCore, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. This Court has personal jurisdiction over TrueCore pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Wis. Stat. § 801.05(5)(a)-(b) because TrueCore entered into contracts with Sentry Insurance, a citizen of Wisconsin, and Sentry Insurance's claims arise from services performed in Wisconsin and TrueCore's obligations to make payments under the parties' relevant contracts.

10. Venue is proper because the parties agreed in the contracts' forum-selection provisions that any actions arising out of or relating to the contracts shall be brought in this District.

11. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Sentry Insurance's claims occurred in

this District, including the administration of the parties' contractual relationships, the issuance and administration of insurance policies, and the performance of Sentry Insurance's obligations under the parties' contracts.

## FACTUAL ALLEGATIONS

### I. Workers' Compensation Policies

12. Sentry Insurance offers workers' compensation insurance products. Its workers' compensation insurance policies ("Workers' Compensation Policies") often contain deductible endorsements, whereby insureds agree to pay deductibles.

13. Under its Workers' Compensation Policies, Sentry Insurance is generally responsible for investigating, adjusting, administering, and paying covered workers' compensation claims.

14. If a policy has a deductible endorsement, however, Sentry Insurance is entitled to reimbursement from the insured for claim payments made by Sentry Insurance, up to the specified deductible amount.

15. For example, if a Workers' Compensation Policy has a deductible of $250,000, Sentry Insurance is entitled to reimbursement from the insured of claim payments made by Sentry Insurance up to $250,000.

16. To protect against the credit risk created by the fact that Sentry Insurance must pay claims before receiving reimbursement from the insured, Sentry Insurance enters into a Casualty Insurance Agreement ("CIA") with each insured for each respective policy year. The CIAs require the insureds to post security for their reimbursement obligations to Sentry Insurance.

**II. The Agreements**

17. Between 2020 and 2024, Sentry Insurance issued four annual Workers' Compensation Policies to TrueCore (the "Sentry Policies").

18. For each of those same policy years, Sentry Insurance and TrueCore also entered into CIAs (the "Agreement(s)").

19. The Agreements define "Obligations" as TrueCore's responsibility to pay, "whether now or in the future, all amounts due or as estimated by [Sentry Insurance] in accordance with the Sentry Policies and this Agreement." *See* Agreements § 1.01.

20. To secure TrueCore's Obligations, TrueCore was required to provide and maintain security for the benefit of Sentry Insurance (the "Security").

21. Pursuant to the Agreements, TrueCore was required to deposit $40,000 with Sentry Insurance, which was to be used to pay loss and expense payments within TrueCore's deductible (the "Loss Fund"). *See* Agreements § 2.06.

22. The Agreements also required TrueCore to maintain and provide Sentry Insurance with a letter of credit in the amount of $450,000 (the "Letter of Credit"). *See* Agreements § 4.02.

23. The Agreements also state that:

> [TrueCore] will continue to provide [Sentry Insurance] with Security, if any, in conformity with this Agreement as security for the payment of the Obligations until [Sentry Insurance] has determined that there is no longer any need for such Security, at which time [Sentry Insurance] will promptly release the Security. [TrueCore] recognize[s] that [Sentry Insurance] may continue to require Security as security for the payment of the Obligations after any cancellation, nonrenewal, or replacement of any of the Sentry Policies.

24. The Agreements note that the Security may increase or decrease based on actuarial or underwriting data. *See* Agreements § 4.04(1).

25. The Agreements also define certain events that constitute a default, including the following:

> …
>
> c. In the event any of [TrueCore] (i) fail[s] to timely provide the Security as required herein or as requested by [Sentry Insurance], (ii) fail[s] to maintain same as required by [Sentry Insurance], or (iii) fail[s] to adjust the form of or increase the amount of cash deposit or other security as requested by [Sentry Insurance], in each case by the due date or if not such stated date, within ten (10) calendar days of [Sentry Insurance's] request
>
> d. In the event any of [TrueCore] fail[s] to maintain the Loss Fund under th[ese] Agreement[s], as adjusted from time to time by [Sentry Insurance].
>
> …
>
> f. Failure of any of [TrueCore] to make any payment under th[ese] Agreement[s] or any Sentry Policy when due including payment to any claims service company or to an account for funding loss payments.
>
> …
>
> h. Any [of TrueCore] breach of any duty or provision of this Agreement or any other agreement between [TrueCore] and [Sentry Insurance]. . . .
>
> …

26. In the event of default, Sentry Insurance is able to, at its discretion, "make a determination of the Obligations and declare the entire amount of the Obligations, whether liquidated, determined, contingent or estimated immediately due and payable[.]" *See* Agreements § 7.01(b).

27. Moreover, in the event of litigation to recover any of the Obligations, Sentry Insurance has the right to recover its costs of collection, including, but not limited to, its attorneys' fees. *See* Agreements § 7.02(h).

**III. TrueCore Ignores Its Obligations**

28. Beginning in 2025, TrueCore stopped paying invoices owed to Sentry Insurance as part of its Obligations.

29. Additionally, claims have continued to be filed under the Sentry Policies and Sentry Insurance has continued to handle and pay them as necessary.

30. Only $108,762 remains in Security.

31. Sentry Insurance's actuaries have determined that TrueCore's Obligations, under the Agreements, for anticipated claims under the Sentry Policies, will be $1,016,265.

32. In a letter dated August 26, 2026, Sentry Insurance demanded payment from TrueCore of all its Obligations for all present and anticipated claims as permitted by the Agreements. The total amount owed is $907,503.

33. TrueCore has not paid that amount.

**COUNT I: BREACH OF CONTRACT**

34. Sentry Insurance incorporates by reference paragraphs 1 through 33 as though fully set forth here.

35. The Agreements are valid and binding contracts.

36. Sentry Insurance has declared all present and future Obligations immediately due pursuant to its rights under the Agreements.

37. TrueCore has materially breached the Agreements by failing to pay the Obligations due under the Agreements.

38. As a direct result of TrueCore's material breaches, Sentry Insurance has suffered damages of at least $907,503, exclusive of interest, attorneys' fees, or court costs, which it is entitled to recover from TrueCore.

39. Under the Agreements, Sentry Insurance is entitled to all costs associated with collecting TrueCore's Obligations, including its attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Sentry Insurance requests the following relief against TrueCore as follows:

1. A judgment against TrueCore in the principal amount of at least $907,503, plus interest at the legal rate until paid;

2. An award of Sentry Insurance's attorneys' fees and costs as allowed by the Agreements; and

3. Any other relief this Court deems just and equitable.

Dated: September 22, 2026

GODFREY & KAHN, S.C.

By: *s/ Wilfredo O. Najarro*

Kendall W. Harrison
State Bar No. 1023438
Wilfredo O. Najarro
State Bar No. 1122518
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
kharrison@gklaw.com
wnajarro@gklaw.com

*Attorneys for Sentry Insurance Company*

38988447